An unborn child is "quick" only from the time when the mother has felt the child alive within her. (Evans v. People, 49 N. Y. 86.)

The defense that an abortion was necessary to preserve the life of the patient is an affirmative one to be established by the accused and the prosecution is not bound to establish the negative of the proposition. (People v. McGonegal, 62 Hun, 622, 10 N. Y. Crim. 141.)

Indictment held good in Eckhardt v. People, 83 N. Y. 462.

Conviction reversed for errors in admission of evidence in People v. Davis, 56 N. Y. 95.

---

## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### December 19, 1919.

## THE PEOPLE v. ALBERTA MAURILLA.

### (189 App. Div. 809.)

TRIAL—PROSECUTION FOR MURDER—IMPROPER SUMMING UP BY DISTRICT ATTORNEY.

It is improper for a district attorney in summing up in a prosecution for murder to speak of the scorn and criticism to which the jury will expose themselves if they fail to convict the defendant and to refer to the failure of other juries to do what the district attorney considered to be their duty. Facts examined, and *held*, that such conduct on the part of the prosecuting officer may be considered but does not call for reversal of the judgment when the proof of defendant's guilt was convincing.

APPEAL by the defendant, Alberta Maurilla, from a judgment of the County Court of Rockland county, rendered against him on the 9th day of March, 1918, convicting him of the crime of murder in the second degree, and also from an order entered in said clerk's office on the 31st day of December, 1918,

denying defendant's motion for a new trial upon the ground of newly-discovered evidence.

*Frank Comesky,* for the appellant.

*Morton Lexow, District Attorney,* for the respondent.

Per CURIAM:

The learned district attorney was over-zealous in summing up this case, where he spoke of the scorn and criticism to which the jury would expose themselves if they failed to convict the defendant, and in his reference to the alleged failure on the part of other juries to do what the district attorney considered was their duty. The learned county judge should have heeded the protest of defendant's counsel and should have cautioned and restrained the prosecuting officer. If the proof of defendant's guilt was not so convincing, the action of the prosecuting officer might be considered on the question of reversal of the judgment of conviction.

The judgment, as well as the order denying the defendant's motion for a new trial upon the ground of newly-discovered evidence, must be affirmed.

JENK, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment of conviction of the County Court of Rockland county, and order, affirmed.