■ In the Matter of VIRGIL C. CRISAFULLI, Respondent, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Appellant, and CARL G. MORSE et al., Respondents.— Upon reargument, after remission by the Court of Appeals, order of Special Term unanimously affirmed, without costs of this appeal to any party. Memorandum: In our original decision (26 A D 2d 795), decided September 22, 1966, we dismissed the petition as a matter of law and found that there was no permitted area of discretion. The case has now been remitted to us by the Court of Appeals, directing us to exercise our discretion. Pursuant to that mandate we now affirm the determination of Special Term. Not only do we exercise our discretion independently, but we do not find that Special Term's discretion was improperly exercised. (Upon remission from the Court of Appeals, reargument of appeal from order of Oneida Special Term granting motion of petitioner to have accepted his designation tendered to him by the Liberal party.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES ORR, JR., Appellant.— Judgment and the order entered following hearing as to voluntariness of statements made by defendant as ordered by this court (24 A D 2d 828) unanimously affirmed. (Appeal from judgment of Steuben County Court convicting defendant of manslaughter, first degree. Resubmission to court after order of Steuben County Court holding that the statements, admissions, and confession were voluntary as a matter of fact and law.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON MOORE, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: A new trial is required in the interest of justice because of the improper and prejudicial conduct of the prosecutor. In summing up, the District Attorney improperly commented upon defendant's silence when told of the charges against him (*People* v. *Robinson*, 13 N Y 2d 296, 301) and, upon defendant being a recipient of welfare saying: "Again, we start off with our superior fellow, Leon Moore; his wife tells us * * * that they are on welfare, and maybe he wanted to supplement that welfare allowance a little bit by a little extra curricular activity. So, he goes down to the corner of Michigan and William with his gun". The District Attorney also exceeded proper limits in telling the jury that if they wanted to live in a community where crime runs rampant they should acquit the defendant. (*People* v. *Fielding*, 158 N. Y. 542, 546, 551, 553; *People* v. *Maurilla*, 189 App. Div. 809, affd. 229 N. Y. 600; Annotation 85 ALR 2d 1132.) (Appeal from judgment of Erie County Court convicting defendant of robbery, second degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.