Memorandum. We agree with the Appellate Division in its memorandum for reversal that the summation by the prosecutor was improper and that the history portion of the autopsy report should not have been excluded. These two errors taken together constituted reversible error which required reversal of the conviction and a new trial.
However, we cannot adopt the Appellate Division’s view that the trial court erred in its instruction to the jury on circumstantial evidence. While we would prefer that the instruction on circumstantial evidence state that the hypothesis of guilt should flow naturally from the facts proved, and be consistent with them, and that the facts proved must exclude to a moral certainty every reasonable hypothesis of innocence (People v Lagana, 36 NY2d 71, 74; People v Benzinger, 36 NY2d 29, 32; People v Borrero, 26 NY2d 430, 434-435; People *879 v Cleague, 22 NY2d 363, 365-366), we believe that the trial court’s instruction* was acceptable.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.

 The court charged that "it must appear that the inference drawn is the only one that can fairly and reasonably be drawn from the facts [and] that any other explanation is fairly and reasonably excluded. If the facts proved permit you to draw [two] inference[s], one of which permits a claim of innocence and the other a finding of guilt, you by law are required to draw the inference which supports the claim of innocence.”