NATHAN, Judge
(dissenting).
I respectfully dissent. I view the testimony to reflect that the prosecutor commented on the defendant’s indigency, which, in my opinion, was highly prejudicial and deprived the defendant of a fair trial. It is easily inferred from the remarks in question that the defendant’s lack of money was a motive for the crime of grand larceny with which he was charged. The inference that an indigent person is likely to commit a crime involving financial gain is improper and prejudicial. State v. Mathis, 47 N.J. 455, 221 A.2d 529, 536-538 (1966). Also see People v. Moore, 26 A.D.2d 902, 274 N.Y.S.2d 518 and compare Goff v. Commonwealth, 241 Ky. 428, 44 S.W.2d 306, 308. The kind of trial a man gets should not depend on whether he is poor or rich. See Griffin v. Illinois, 351 U.S. 12 at 19, 76 S.Ct. 585, 100 L.Ed. 891.
Therefore, I would reverse and remand for a new trial.