■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE DE JESUS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 8, 1973, convicting him of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Martuscello, Latham and Rabin, JJ., concur; Titone, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum, in which Hopkins, Acting P. J., concurs: After reading the record, I am constrained to conclude that, throughout the trial, the Trial Judge continually demonstrated manifest and open hostility toward defense counsel, both in and out of the jury's presence. Error was also committed by the trial court in allowing to stand, uncorrected, the prosecutor's intimation, during his summation, that if acquitted, the defendant would be back on the street hurting others (see *People v Manganaro,* 218 NY 9; *People v Moore,* 26 AD2d 902). Although the issue was not raised on appeal, I am also of the opinion that the prosecutor should not have commented, during his summation, on the failure of the defendant to produce his brother as one of his alibi witnesses. Although the brother was not a codefendant (the indictment referred to an unnamed accomplice), the record reveals that the alleged accomplice was his brother and that the latter was not indicted because he was under age. According to the sentencing minutes herein, the brother's case had been handled in the Family Court. In view of such circumstances, any statement by the prosecutor in his summation as to the failure of the defendant to produce his brother as an alibi witness was prejudicial and should have been stricken by the trial court. Because of the errors set forth above, I conclude that the defendant was denied his constitutional right to a fair and impartial trial.