■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN E. SANCHEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered July 9, 1980, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was convicted of killing, by strangulation, the grandmother of a former girlfriend. A statement, made by defendant to an Assistant District Attorney, was introduced into evidence against him at his trial. In that statement he admitted having been at the decedent's apartment on the night in question and having struck her after she allegedly called him offensive names. Defendant took the position that the case against him was based entirely upon circumstantial evidence, and that he was, therefore, entitled to have the trial court charge the jury that proof of guilt "should flow naturally from the facts proved, and be consistent with them; and [that] the facts proved must exclude 'to a moral certainty' every reasonable hypothesis of innocence" (*People v Benzinger,* 36 NY2d 29, 32; *People v Morris,* 36 NY2d 877, 878-879). The trial court refused defendant's request for this instruction, on the ground that defendant's statement constituted some direct evidence of guilt, and, therefore, as the case

against him was not wholly circumstantial, the moral certainty instruction was not required. Thereafter, the court charged the jury that "[t]he defendant is entitled to every inference in his favor which can reasonably be drawn from the evidence. And where two inferences may be drawn from the evidence, one consistent with guilt and one consistent with innocence, the defendant is entitled to the inference of innocence." The court did not, however, charge the jury that defendant's statement constituted direct evidence of his guilt. Instead, the jury was instructed, generally, that a confession by a defendant is a direct acknowledgement of guilt, but that an admission is a statement from which guilt can only be inferred, and is therefore circumstantial evidence. It was then left to the jury to determine into which of these two categories defendant's statement belonged. Following the charge, defendant again requested that the jury be given the moral certainty instruction, because of the possibility that the jury would define the statement as an admission, making the case against him wholly circumstantial, but this request was denied. That denial was error. Generally, the trial court should determine if a defendant's statement is either a confession or an admission, but where, as here, that question is left to the jury, the trial court is obligated to instruct the jurors on the proper standards to be applied as a consequence of their determination that the statement is of one or the other type. Although the court need not specifically state that proof should exclude to a moral certainty every hypothesis of innocence, the charge must still adequately inform the jury of the burden of proof in a wholly circumstantial case (*People v Morris,* 36 NY2d 877, *supra; People v Gonzalez,* 54 NY2d 729). In this case, nothing in the court's charge alerted the jurors to the fact that they would be required to assess the evidence differently if they found that defendant's statement was an admission, and that the case against him was therefore wholly circumstantial, than if they found that his statement was a confession, and therefore direct evidence of his guilt. Additionally, the many objectionable statements made by the prosecutor during summation must be noted, among them the frequent and prolonged descriptions of the brutality of the murder, gratuitous references to the Buddy Jacobson case, and a suggestion that the jury might find an acquittal difficult to explain to the community. However, because of defendant's failure to object to many of these statements, and the trial court's prompt attempts to cure their prejudicial effect, reversal could not be had on that ground. Titone, J. P., Bracken and Brown, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment with the following memorandum. In my view, the charge submitted to the jurors adequately apprised them of the factors to be considered in evaluating the evidence before them, such that the trial court's failure to explicitly label defendant's statement as either an "admission" or "confession", and its refusal to render a "moral certainty" instruction, do not constitute reversible error. The record reveals that the court specifically drew the jurors' attention to the fact that defendant had admitted assaulting the decedent but that he had denied killing her. The court's reasoning is supported by certain inculpatory statements made by defendant to an Assistant District Attorney, which constitute direct evidence of many of the principal facts in issue, so as to remove this case from the category of cases where the evidence is wholly circumstantial (see *People v Licitra,* 47 NY2d 554, 558-559). Accordingly, the trial court held that the rigorous moral certainty instruction to which defendants have been held entitled in cases based purely on circumstantial evidence (*People v Benzinger,* 36 NY2d 29; *People v Morris,* 36 NY2d 877), was inapposite in the instant situation. As expressed in the concurring opinion of Judge Fuchsberg in *People v Gonzalez* (54 NY2d 729, 730-731), the failure to give a moral certainty

instruction is not the harmless omission of a desirable charge but is, rather, the omission of an unnecessary one. Insofar as the standard of proof required in circumstantial as well as noncircumstantial criminal cases is proof beyond a reasonable doubt, the added phraseology regarding excluding to a moral certainty every other hypothesis but guilt is confusing and unnecessary. Not only am I of the opinion that the trial court did not err in omitting the moral certainty instruction, but I also conclude that the charge as rendered adequately apprised the jurors of the burden of proof in the case. Defendant admitted having been present at the scene of the crime and having struck the decedent more than once. He purported to be unable to remember anything further of the events of June 15, 1979 in view of his precarious mental state, except that there had been a black youth in the hallway who saw him enter and exit decedent's apartment. Defendant also recalled that he had left the door to the apartment open when he exited therefrom. The court instructed the jurors that defendant was entitled to the benefit of every inference which might reasonably be drawn in his favor. In the event that it were possible to draw conflicting inferences from the same evidence, the jurors would be bound to accord defendant the inference of innocence. The court further apprised the jurors that since there were no eyewitnesses to the murder of the decedent, Shirley Zarowitz, the People would be relying upon both direct and circumstantial evidence to prove their case. The following instructions were then submitted: "The necessity of resorting to circumstantial evidence in a criminal case is obvious. In the very nature of things crimes are often committed beyond the view of other persons, thereby rendering direct evidence of the commission of the crime impossible. The facts from which the inferences [are] sought to be drawn must be established by direct proof and not left to rest upon other inferences. The inference sought to be drawn must be clear, reasonable and logical. There must be a logical and clear connection between the facts proved and the proposition sought to be proven. The People have introduced into evidence a statement which they allege was made by the defendant to Assistant District Attorney Brendan Lantier. In addition, Mr. Mandelcorn [defense counsel] and Mr. Weininger [the prosecutor] stipulated that the defendant made a statement to Detective Kilcullen which was substantially the same as the statement given to Assistant District Attorney Lantier. In this regard I would explain to you that a confession is a direct acknowledgement of guilt made by a defendant in a criminal prosecution. An admission, on the other hand, is an act or declaration by a defendant from which, either alone or with other evidence, his guilt may be inferred. The distinction then lies in the fact that a confession is an express acknowledgement of guilt, whereas an admission is circumstantial evidence of guilt. Before you accept any statement alleged to have been made by the defendant and consider it in your deliberations, you must first determine whether the statement was in fact made, and the People must prove beyond a reasonable doubt that the statement alleged to have been made by the defendant was in fact made by him. I charge you that a person may not be convicted of any crimes solely upon evidence of a confession or admission made by him without additional proof that the crime charged has been committed. This means only that the law requires proof aside from the confession that the crime charged was, in fact, committed. The additional proof does not have to be proof that the defendant committed the crime or even connect him with it. It is sufficient if there is additional proof that the crime was committed by someone to satisfy the requirement that the defendant's statement be corroborated." Rather than characterize defendant's statement as either a confession or an admission, the court left it to the jurors to ascertain its precise nature. Once defendant's identity as the assailant of Mrs. Zarowitz

was established by means of direct evidence, the ultimate question of whether or not defendant was the murderer depended upon the jury's assessment of his version of the facts. Contrary to the majority's assertion that there is nothing in the record to show that the court informed the jurors that they would be required to assess direct and circumstantial evidence differently, the trial court painstakingly advised the jurors of the reasoning process involved in the assessment of the latter. "Where there is circumstantial evidence, you, the jury, must do two things: First, you must apply the usual tests of credibility to determine whether the witness has told the truth about the facts to which he testified. Second, if you believe and accept the witness' testimony, you must use your power of reasoning and logic to determine whether the facts testified to support the inference or conclusion which is sought to be drawn and may be inferred therefrom. What is the value of circumstantial evidence as compared to direct evidence? In some cases it is the same and in other cases less and in other cases more value than direct evidence, depending upon the facts and circumstances of each case. The inference may be an irresistible one or it may be an inference which, although logical, is no more valid than a number of other inferences which can reasonably be drawn from the facts. Where two inferences may be drawn from the evidence, one consistent with guilt and one consistent with innocence, the defendant is entitled to the inference of innocence. It is up to you, using your common sense, to say how strong the inference is." In view of the court's charge with respect to circumstantial evidence, there is no possibility that rational jurors could have concluded that defendant's statement was an unequivocal confession to the murder, such that any possible conflicting inferences need not even be considered. Although the charge did not contain the requested instruction that the facts from which the inferences were to be drawn must exclude to a moral certainty every other reasonable hypothesis but guilt, it nevertheless, in substance, adequately informed the jury as to the burden of proof and effectively removed the danger that the jurors would jump to unfounded conclusions in order to convict defendant absent proof beyond a reasonable doubt. The question of which of competing inferences is to be drawn from the facts in evidence is within the exclusive domain of the triers of fact and, provided that the inference drawn is a reasonable one, their determination is not to be disturbed (*People v Barnes,* 50 NY2d 375, 381). In my opinion, defendant's statement, combined with his alleged lapse of memory and his precarious mental state, renders this case analogous to *People v Rumble* (45 NY2d 879, 880), wherein the defendant made the following statement to his brother: " 'I'm not responsible for what I did' ". In that case, the defendant's statement, along with strong circumstantial evidence, was deemed sufficient to establish his guilt beyond a reasonable doubt despite the fact that he had not expressly related the details of the crime and that evidence of motive was lacking. In *People v Rumble* (*supra*), the defendant's statement was treated, for evidentiary purposes, as a confession, notwithstanding the disclaimer of capacity. In the instant case, it was appropriate for the jurors to have so viewed defendant's statement and to draw from it the inferences which they drew. It is obvious from the record that it was the impact of defendant's own incriminating statement rather than any possible inferences which the jury may have drawn by indirection from the court's charge, which determined the course of the verdict (*People v Kingston,* 8 NY2d 384). Notwithstanding the defendant's right to have the jury properly instructed on the law, the conviction was directly attributable to the evidence rather than to the semantics of the charge. Insofar as the court adequately apprised the jurors of the difference between direct and circumstantial evidence and carefully instructed them concerning the reasoning process to be

employed in evaluating the latter, I find the charge rendered to have been an adequate one. I have examined defendant's remaining contentions and find them to be without merit. Accordingly, I conclude that the judgment appealed from should be affirmed.