OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*1023 Accused of the strangulation killing of his former girlfriend’s grandmother, respondent admitted to prosecutorial officials that he was present at the victim’s apartment on the night of the murder. Respondent said that he hit the victim twice after she made offensive personal remarks to him. Though his memory of subsequent events was sketchy, respondent did recall leaving the apartment, with the door open, and observing a teen-aged male whom he had seen in the hall earlier.
At trial, the prosecution relied on respondent’s statements as well as other evidence, concededly circumstantial. The trial court denied respondent’s request for a “total circumstantial charge,” stating both that respondent’s statements “take it out of an entire circumstantial case” and that “it is up to the jury how to define the statement.” The court instructed the jury that the People were relying on direct as well as circumstantial evidence. While the court did address the reasoning process to be employed in weighing circumstantial evidence, it did not charge the jury to review the prosecution’s entire case against the rigorous standard applicable when it relies on circumstantial evidence alone.
Respondent’s statements constituted circumstantial, not direct, evidence of guilt. Since the case was submitted to the jury on the theory that the cause of death was strangulation by a telephone wire, the key issue for the jury’s determination was the identity of the strangler. Respondent’s statements may have proved his presence at the scene of the crime close in time to its commission, but the fact of his presence did not establish that he was the strangler. While it may at times be appropriate to leave to the jury the question whether an admission is direct or circumstantial evidence (cf. People v Rumble, 45 NY2d 879), such deference is inappropriate where, as here, the admission cannot be interpreted to establish the act charged. Thus, the evidence against respondent was entirely circumstantial and the trial court erred in refusing to so instruct the jury. Especially in light of the charge that the People relied both on direct and circumstantial evidence, the jury could not have known of its duty to apply the circumstantial evidence standard to the prosecution’s entire case.
*1024 Moreover, the circumstantial evidence charge given by the trial court was erroneous. While it is not necessary that the words “moral certainty” be used, when the evidence is circumstantial the jury should be instructed in substance that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence. (See People v Gonzalez, 54 NY2d 729; People v Morris, 36 NY2d 877; NY CJI 9.05, p 471.)
Particularly in view of the necessity for a retrial, we express our disapproval of the prosecutor’s improper comments during summation. Apart from unduly inflammatory references to brutality and other brutal crimes, the trial assistant recounted the People’s case in the form of a lengthy hypothetical suggesting throughout that members of the jury would be unable to justify a vote of acquittal to their families and friends. Prosecutorial advocacy may not go so far as to threaten that jurors will be censured by the community if they vote to acquit (cf. People v Fielding, 158 NY 542; People v Maurilla, 189 App Div 809, affd 229 NY 600).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.