■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILCHER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered May 30, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to the defendant's contention on appeal, there was sufficient credible evidence to establish his guilt beyond a reasonable doubt. The victim was stabbed to death while sitting in his automobile in the parking lot of a Westchester County country club. On the floor by the driver's seat were bloodied papers which belonged to the defendant and which he had only recently received. One of these papers bore the defendant's fingerprint in human blood, known as a "blood-print". The blood stain on another paper was analyzed and found to be the same type of blood as that of the victim, whose blood type and characteristics were common to only one percent of the population. The victim kept the automobile in meticulous condition, and the papers had not been there on the previous day. The defendant was stopped leaving the club grounds and, when asked to explain his presence at the club, falsely stated that he made a wrong turn and was lost. He had, in fact, been at the country club numerous times to buy cocaine from the victim. Further, the armrest on the driver's side of the automobile which the defendant was driving that night tested positive for blood. The jury could infer, under these circumstances, that the defendant was guilty beyond a reasonable doubt.

We also reject the defendant's contention that the trial court erred when it failed to include in its charge on circumstantial evidence the phrase "to a moral certainty". There is no requirement that the words "moral certainty" be used (see, People v Gonzalez, 54 NY2d 729; People v Sanchez, 61 NY2d

1022). The defendant's further contention that the trial court failed to use the words "every reasonable hypothesis of innocence" *(People v Sanchez, supra,* p 1024), has not been preserved for our review since these words were neither requested nor was any objection taken to the court's failure to use them. We will not review this issue in the interest of justice.

The defendant's remaining contentions are either unpreserved or are without merit. Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.