■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRIFFIN, Appellant.—Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered June 21, 1985, convicting defendant, after jury trial, of murder in the second degree and sentencing him to a term of from 18 years to life imprisonment, is unanimously reversed, on the law, and the matter remanded to the Supreme Court for a new trial.

In this close case, the evidence against defendant was wholly circumstantial. It consisted of proof of his presence at or near the scene of the crime at the time of its commission, together with inconsistent exculpatory statements made by him. None of these statements made to the police, separately or together, constituted direct evidence of defendant's participation in the homicide or his sharing the intent of the actual killer. "Respondent's statements may have proved his presence at the scene of the crime close in time to its commission, but the fact of his presence did not establish that he was the

[killer]. While it may at times be appropriate to leave to the jury the question whether an admission is direct or circumstantial evidence (cf. *People v Rumble,* 45 NY2d 879), such deference is inappropriate where, as here, the admission cannot be interpreted to establish the act charged." *(People v Sanchez,* 61 NY2d 1022, 1023.)

The trial court erred, therefore, in refusing to instruct the jury, as requested, that the evidence was entirely circumstantial, and that evidence of this character must exclude every hypothesis but guilt. *(People v Ford,* 66 NY2d 428.) In addition, under the circumstances presented herein, the trial court erred in refusing the defense request to charge the jury on the limited probative value of the two allegedly false exculpatory statements. This was especially prejudicial in this case, where the People relied heavily on the probative worth of these allegedly false statements evincing, at most, consciousness of guilt. *(See, People v Moses,* 63 NY2d 299.) Concur—Kupferman, J. P., Sullivan, Asch, Fein and Wallach, JJ.