■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO GEDDES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Felig, J.), rendered August 2, 1984, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marihuana, upon a jury verdict, and imposing concurrent terms of imprisonment of 2 to 6 years on the count of criminal sale of a controlled substance in the third degree, and 1 to 3 years on the count of criminal possession of a controlled substance in the third degree, and a fine of $200 or 15 days' imprisonment on the count of unlawful possession of marihuana.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed on the count of unlawful possession of marihuana, and substituting therefor a sentence of an unconditional discharge; as so modified, the judgment is affirmed.

On August 26, 1983, at 1:44 A.M., two police officers on patrol in a marked police vehicle were hailed by an unidentified black male who informed them that a drug sale was taking place in the lobby of a building at 250 Crown Street.

The police officers discretely hastened to the above address, which they knew to be the site of frequent drug activity. The officers were within 8 to 15 feet of the building's clear fiber glass doors when they observed the defendant take a tinfoil "stick" out of a plastic bag and hand it to another individual in return for currency. When the police officers announced their presence, the buyer dropped the tinfoil stick at his feet and the defendant dropped the plastic bag, which contained additional tinfoil sticks, behind a radiator. The defendant still held a $20 bill in his hand when he was placed under arrest, and a subsequent search revealed that the defendant carried an envelope of marihuana in his pants pocket.

The personal observations of the experienced police officers, including the exchange of tinfoil sticks for currency, "a telltale sign, if not the hallmark, of an illicit drug exchange", were sufficient to establish probable cause for the defendant's arrest *(People v Balas,* 104 AD2d 1039, 1040; *see also, People v Green,* 133 AD2d 170). Accordingly, the search of the defendant's person was proper as incident to a lawful arrest.

The defendant contends that he was deprived of a fair trial by the prosecutor's improper questioning on cross-examination regarding the identity and whereabouts of two individuals that the defendant claimed were present at the time of his arrest. The prosecutor's comments were so innocuous that they cannot be said to have led the jury to believe that an unfavorable inference should be drawn from the defendant's failure to produce the individuals at the trial *(cf., People v La Susa,* 87 AD2d 578, 579). In addition, the absence of these potentially exculpatory witnesses was not touched upon throughout the remainder of the trial. In light of the innocuous nature of the objectionable questions and the overwhelming evidence of the defendant's guilt, reversal on that ground is not warranted *(see, People v Buehler,* 104 AD2d 1045).

In addition, the comments made by the prosecutor during summation regarding the credibility of the police witnesses do not warrant reversal, particularly when viewed in the context of the defense summation which attacked the motivation and integrity of these police officers in arresting the defendant *(see, People v Hayes,* 116 AD2d 737, *lv denied* 67 NY2d 884; *People v Jones,* 115 AD2d 490, 491, *lv denied* 67 NY2d 652; *People v Briggs,* 111 AD2d 340, 341). Inasmuch as these remarks were in direct response to defense counsel's objectionable comments concerning the integrity of the People's witnesses, there is no prejudice to the defendant *(see, People v Gilmore,* 106 AD2d 399, 401). Moreover, in view of the court's

prompt curative instructions, these statements cannot be said to have conveyed to the jury the mistaken impression that they would have to find that the prosecution's witnesses committed perjury in order to acquit the defendant. The court must be deemed to have cured the error to the defendant's satisfaction since a request for additional instructions or a mistrial was not forthcoming *(see, People v Medina,* 53 NY2d 951, 953; *People v Jalah,* 107 AD2d 762, 763).

The defendant's remaining claims of prosecutorial misconduct are unpreserved for appellate review and do not warrant reversal in the interest of justice *(see,* CPL 470.15 [6] [a]).

Turning to the defendant's claims with respect to his sentence, we find that the concurrent terms of imprisonment of 1 to 3 years on the conviction of criminal possession of a controlled substance in the third degree and 2 to 6 years on the conviction of criminal sale of a controlled substance in the third degree are neither excessive nor an abuse of discretion *(see, People v Suitte,* 90 AD2d 80). Nor are there sufficient mitigating circumstances to warrant the exercise of this court's interest of justice jurisdiction to reduce the sentence imposed with respect to those convictions *(see,* CPL 470.15 [3] [c]).

The imposition of a 15-day term of imprisonment as an alternative to a $200 fine on the conviction of unlawful possession of marihuana is improper and must be vacated. The plain language of Penal Law § 221.05 precludes the imposition of a term of imprisonment where a defendant fails to pay the fine imposed for unlawful possession of marihuana *(see,* Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 221.05, at 98). Under the circumstances, we substitute a sentence of an unconditional discharge on that count.

We have considered the contentions raised by the defendant in his *pro se* brief and find them to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.