■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Ritter, J.), rendered April 30, 1982, convicting him of arson in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the

indictment is dismissed, and the case is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In assessing the legal sufficiency of the evidence, which in this case was wholly circumstantial, we must view the evidence in a light most favorable to the prosecution, giving it the benefit of every reasonable inference to be drawn therefrom, and we must then " 'determine whether the *jury reasonably concluded'* that the defendant's guilt was proven to a moral certainty" *(People v Betancourt,* 68 NY2d 707, 709-710, quoting from *People v Marin,* 65 NY2d 741, 742; *People v Giuliano,* 65 NY2d 766, 768). Applying this standard we conclude that the jury's verdict was not supported by legally sufficient evidence.

The evidence did establish that the fire, which occurred at a warehouse, was intentionally set with the use of a combustible liquid in as many as three locations within the building. However, the only evidence linking the defendant to the crime was the testimony of a witness who had seen a man and a vehicle used by the man outside the warehouse nearly an hour prior to the time the fire was discovered. While the vehicle seen outside the warehouse matched the description of a vehicle that the defendant had been using on the night in question, the witness did not identify the defendant as the person he had seen. Accordingly, the evidence was not "inconsistent with the defendant's innocence" nor did it "exclude to a moral certainty every other reasonable hypothesis" *(People v Marin, supra,* at 742; *see, People v Sanchez,* 61 NY2d 1022, 1024). Even assuming, arguendo, that the unidentified person seen at the warehouse was the defendant, such evidence would have been insufficient to permit the jury to reasonably infer that the defendant had set the fire which was first discovered almost an hour later. Nor was the evidence from which the jury could infer consciousness of guilt on the defendant's behalf sufficient to support a guilty verdict *(see, People v Marin, supra).*

Therefore, the defendant's conviction must be reversed and the indictment dismissed. In light of our determination, we need not reach the other issues raised by the defendant. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.