■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HUDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered February 9, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the prosecutor placed the defendant in the position of having to accuse the police witnesses of perjury in order to maintain his innocence. This tactic, while improper *(see, e.g., People v Santiago,* 78 AD2d 666; *People v Perez,* 69 AD2d 891), drew no objection from defense counsel and is thus beyond the scope of review as a matter of law *(see,* CPL 470.05 [2]). Similarly, defense counsel's unelaborated objection to certain remarks made by the prosecutor during his summation was insufficient to preserve any question of law for appellate

review (see, People v Balls, 69 NY2d 641; People v Nuccio, 57 NY2d 818). Even if the defendant's allegations of prosecutorial misconduct had been properly preserved for review, we would find reversal to be unwarranted (see, People v Roopchand, 65 NY2d 837). The defendant's contention regarding the trial court's charge is likewise unpreserved. The defendant's trial was fundamentally fair and his guilt was proven beyond any doubt. Reversal of the judgment under review in the interest of justice is not warranted. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.