■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BOLINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered January 22, 1988, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed. The case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

On the evening of September 26, 1986, Regina Paul, a prostitute, was fatally shot while on the defendant's boat.

Later that evening the defendant gave two similar statements, one to a detective, and another to an Assistant District Attorney, in which he described his involvement in the death of Ms. Paul. These statements formed a crucial part of the People's case against the defendant. In them the defendant gave the following account of the events in question. The defendant spent the afternoon of September 26, 1986 drinking heavily with some friends. He met his wife at a subway station, and after quarrelling with her throughout the evening, finally left his home at approximately 10:00 P.M., drove to Coney Island, and picked up Ms. Paul. He drove her to his boat in the Gerritsen Beach area, and paid her $50 in advance for sex. The defendant then drank some vodka and snorted cocaine which he bought from Ms. Paul for an additional $50. The defendant was not satisfied with his sexual encounter with Ms. Paul and asked for a refund of his $50. Ms. Paul then brandished a gun, and attempted to rob him at gunpoint. In an ensuing struggle over possession and control of the gun,

Ms. Paul was shot. The defendant put Ms. Paul on the dock, but accidentally dropped her in the water. He did not go in after her since he could not swim. Instead, he cleaned the blood off the boat. The defendant then drove to the Marine Park Bridge, tossed the gun over the side of the bridge, and returned home.

The People also introduced other evidence which indicated that (1) Ms. Paul's body was found, with a bullet in her head and naked from the waist down, at approximately 9:25 A.M. on September 27, 1986, floating in the water off Gerritsen Beach not far from the defendant's boat, and (2) blood stains and a spent shell casing were found on the defendant's boat. In addition, the Medical Examiner testified that (1) the cause of death was a brain hemorrhage caused by a gunshot wound below Ms. Paul's left eye, and (2) this gunshot went through the palm of the Ms. Paul's left hand, and then entered her head. The Medical Examiner further testified that it was possible Ms. Paul had her left hand in front of her eye and was leaning slightly back when the gun was fired from point-blank range. Finally, the Medical Examiner testified that Ms. Paul would have had to be in an unnatural position to have fired the shot herself.

On the instant appeal the defendant argues, *inter alia,* that the proof of his guilt was purely circumstantial and that the court therefore committed reversible error in failing to give a circumstantial evidence charge. Specifically, the defendant argues that his statements were, at best, admissions, which constituted only circumstantial evidence of his guilt, and were not confessions, which would constitute direct acknowledgments of guilt.

We disagree with this argument.

In *People v Sanchez* (61 NY2d 1022), the defendant was accused of the strangulation killing of his former girlfriend's mother. The defendant admitted to prosecution officials that he was present at the victim's apartment on the night of the murder and hit the victim twice. The trial court denied the defendant's request for a " 'total circumstantial charge' " stating that the defendant's statements " 'take it out of an entire circumstantial case' " and that " 'it is up to the jury how to define the statement' " *(People v Sanchez, supra,* at 1023). The court instructed the jury that the People were relying on direct as well as circumstantial evidence, and did not instruct the jury to review the prosecution's entire case against the rigorous standard applicable when it relies on circumstantial evidence alone. In reversing the defendant's

conviction and granting the defendant a new trial, the Court of Appeals held *(People v Sanchez, supra,* at 1023): "Respondent's statements constituted circumstantial, not direct, evidence of guilt. Since the case was submitted to the jury on the theory that the cause of death was strangulation by a telephone wire, the key issue for the jury's determination was the identity of the strangler. Respondent's statements may have proved his presence at the scene of the crime close in time to its commission, but the fact of his presence did not establish that he was the strangler. While it may at times be appropriate to leave to the jury the question whether an admission is direct or circumstantial evidence (cf. *People v Rumble,* 45 NY2d 879), such deference is inappropriate where, as here, the admission cannot be interpreted to establish the act charged. Thus, the evidence against respondent was entirely circumstantial and the trial court erred in refusing to so instruct the jury. Especially in light of the charge that the People relied both on direct and circumstantial evidence, the jury could not have known of its duty to apply the circumstantial evidence standard to the prosecution's entire case."

The facts in *People v Sanchez (supra)* are clearly distinguishable from those at bar where the victim was killed by a gunshot and the defendant, in his statements, admitted that he was struggling with the victim over possession and control of a gun, when the gun went off. Under these circumstances, the defendant's statements constituted "direct evidence of many of the principal facts in issue" and thus there was "no occasion to apply the rigorous standard by which purely circumstantial cases are tested" *(People v Licitra,* 47 NY2d 554, 559; *People v Rumble,* 45 NY2d 879; *People v Ainsworth,* 106 AD2d 357; *People v Aguanno,* 125 AD2d 579; *People v Samuel,* 138 AD2d 543).

Turning to the issue of proof, the jury was free to reject that part of the defendant's statements which alleged that Ms. Paul attempted to rob him at gunpoint *(People v Dlugash,* 41 NY2d 725, 736). The other evidence proffered by the prosecution, including the remainder of the defendant's statements and the testimony of the Medical Examiner, indicated that on the evening of September 26, 1986, the defendant, while under the influence of cocaine and a large amount of liquor, became involved in a struggle with Ms. Paul over the possession and control of a gun and during the course thereof, fired a fatal shot into her head. Viewing the evidence, in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defen-

dant's guilt of criminally negligent homicide (Penal Law §§ 125.10, 15.05 [4]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be either unpreserved for appellate review or without merit (CPL 470.05 [2]; *People v Tucker,* 55 NY2d 1; *People v Suitte,* 90 AD2d 80; *People v Farinaro,* 110 AD2d 653; *People v Bailey,* 58 NY2d 272, 277; *People v Lebron,* 114 AD2d 859). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.