■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LEON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered April 8, 1987, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's indictment for, and conviction of, two counts of murder in the second degree, arose out of the brutal killing of an elderly woman and her 49-year-old daughter. Both victims lived in the same apartment building as the defendant. The evidence adduced by the People against the defendant at trial included, *inter alia,* the defendant's inculpatory statement to a fellow prison inmate, as well as certain physical evidence, i.e., the defendant's bloody palm print was found on a newspaper in the victims' apartment. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

On the instant appeal, the defendant argues that he was entitled to a circumstantial evidence charge. We disagree. Initially, it must be noted that this argument was not preserved for appellate review (CPL 470.05 [2]; *People v Wilcher,* 121 AD2d 764). In any event, this argument is without merit since the case against the defendant was not based entirely on circumstantial evidence *(see, People v Sanchez,* 61 NY2d 1022; *People v Bolino,* 146 AD2d 790).

We have reviewed the defendant's remaining argument, that the imposition of consecutive sentences under the facts at bar constituted cruel and unusual punishment, and find it to be without merit *(People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80; *People v Sanchez,* 131 AD2d 606). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur. *[See,* 134 Misc 2d 757.]