■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY VILLALONA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered April 16, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with defendant's contention that the circumstantial evidence adduced in this case was insufficient as a matter of law to establish his guilt beyond reasonable doubt. It is a "well-settled standard of proof in circumstantial evidence cases * * * that the facts from which the inference of defendant's guilt is drawn must be inconsistent with the defendant's innocence and must exclude to a moral certainty every other reasonable hypothesis" *(People v Giuliano,* 65 NY2d 766, 767-768; *see also, People v Sanchez,* 61 NY2d 1022, 1024; *People v Way,* 59 NY2d 361). In this case, at about 11:30 P.M. on July 28, 1982, a witness observed an unknown man and woman and the deceased, Jose Baez, whom she knew, arguing loudly in Spanish about an alleged $30 debt owed by the unknown man to the deceased. The deceased walked away, and the other man told the woman that he was going to "drop" the deceased. The man then got into an orange sports car and, beckoning Baez over to the car, shot and killed him. He then drove the orange car away.

Two police officers on patrol in the vicinity heard the gunshot and, while approaching the area from which the sound came, met an orange car driven by the defendant without its headlights on. They stopped the car, spoke to the defendant, whom they identified, and, after he turned on the headlights, allowed him to proceed. Seconds afterwards, they drove down the street and saw the deceased's body. There were no other people or cars on the street. Approximately half an hour later, the orange car was discovered abandoned nearby, with its windows open. The car, which was owned by the defendant's girlfriend, was primarily driven by the defendant, and his fingerprints, as well as traces of the deceased's

blood, were found on the outside of the car. Nearly two years later, defendant was arrested in Norfolk, Virginia. The defendant's alibi witnesses were not persuasive. We find, on review of the record, that this evidence excluded to a moral certainty every hypothesis other than guilt *(see, People v Giuliano, supra)*.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.