■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered April 19, 1988, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in misclassifying, for procedural purposes, a statement made by him to the police as inculpatory rather than exculpatory, and that therefore, by instructing the jury that the People have the burden of proving the voluntariness of his statement beyond a reasonable doubt, the court improperly shifted the burden of proof to the defendant. We note initially that the court's charge did not classify, characterize, or label the defendant's explanation as "inculpatory" or as anything other than a "statement." In any event, we find the defendant's statement to be inculpatory *(see, People v Sanchez,* 92 AD2d 595, 596, *affd* 61 NY2d 1022). We also note that before trial the defendant moved to suppress the statement as involuntary *(see,* CPL 60.45, 710.20 [3]). Because the statement was an admission, the court properly assigned the burden of proof to the People *(see,* 1 CJI[NY] 11.01).

We agree with the People's acknowledgement that the trial court, in making reference in its charge to the "truthfulness" of the defendant's statement, may have used language that, when taken out of context, was somewhat ambiguous. However, the charge, when read as a whole, adequately assigned the various burdens of proof to the People. Moreover, in light of the overwhelming evidence of guilt, we find that any imperfection in the court's charge is harmless *(see, People v Crimmins,* 36 NY2d 230).

We conclude that the prosecutor's remarks on summation, now challenged by the defendant, do not warrant reversal. The prosecutor's remarks, for the most part, either constituted a fair response to the defendant's summation or were within the confines of the evidence (see, People v Ashwal, 39 NY2d 105; People v Sykes, 151 AD2d 523, 524; People v Geddes, 134 AD2d 279, 280; People v Moore, 125 AD2d 501, 502; People v Boute, 111 AD2d 398). In the limited instances where the prosecutor's comments arguably constituted vouching for witnesses, we find that the court's immediate admonitions and curative instructions along with the court's general instructions at the outset of the trial and in its charge to the jury, served to eliminate any possibility of prejudice to the defendant (see, People v Geddes, supra; People v Ogelsby, 128 AD2d 556; People v Saylor, 115 AD2d 671; People v Boute, supra). Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.