■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY ROSS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 15, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case arises from a so-called "buy and bust" operation wherein the defendant sold an undercover officer $20 worth of cocaine. The defendant argues on appeal that inconsistencies between the testimony of the prosecution witnesses and his own testimony and that of his corroborating witness rendered the verdict against the weight of the evidence. However, these assertions merely raise questions of credibility. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Here, the testimony of the police officer who purchased the cocaine, as well as that of the back-up officer who witnessed the sale, in conjunction with the recovery by the police of the prerecorded money from the defendant when

he was arrested several minutes later, amply supports the verdict. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's assertions as to the jury instructions were not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Contes,* 60 NY2d 620). In any event, we find that, as a whole, the instructions properly conveyed the proper standard of proof *(see, People v Jones,* 173 AD2d 853; *People v Coleman,* 70 NY2d 817).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.