Considering all the circumstances of this case, we conclude that the County Court committed no error, and did not improvidently exercise its discretion, when it declined to adjourn the sentencing proceedings or to order an evidentiary hearing with respect to defense counsel's application *(see generally, People v Priori,* 164 NY 459; *People v Copeland,* 185 AD2d 280; *People v Fielder,* 154 AD2d 388; *People v Zambrana,* 142 AD2d 744; *People v Barrero,* 137 AD2d 759). The defense counsel never sought an adjournment during trial to secure this witness's presence *(see, People v Zambrana, supra; People v Hughes,* 136 AD2d 916).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RENNIE, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Tisch, J.), rendered March 31, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree.

Ordered that the amended judgment is affirmed.

It is well established that a finding of a probation violation must be based "upon a preponderance of the evidence * * * which requires a residuum of competent legal evidence in the record" *(People v Machia,* 96 AD2d 1113, 1114; CPL 410.70 [3]; *People v Yutesler,* 177 AD2d 732; *People v Davis,* 155 AD2d 610; *People v Kovarik,* 112 AD2d 170; *People v Todd D.,* 100 AD2d 595). At the hearing, both the complainant and another witness testified that they saw the defendant outside the complainant's home in violation of the court's protective order issued at the time of original sentencing. In view of the foregoing, we conclude that the court's determination that the defendant violated the conditions of his probation was supported by a preponderance of the evidence. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELANIO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered November 14, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The alleged errors raised by the defendant were not objected to at the trial and therefore are unpreserved for appellate review *(see,* CPL 470.05 [2]; *see, e.g., People v Dordal,* 55 NY2d 954, 956), and we decline to review them in the exercise of our interest of justice jurisdiction *(see,* CPL 470.15 [6] [a]; *see, e.g., People v Hopkins,* 58 NY2d 1079; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Hudson,* 143 AD2d 682; *People v Geddes,* 134 AD2d 279; *People v Chang,* 129 AD2d 722; *People v Anderson,* 122 AD2d 888). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.