■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN CRESPO, Appellant. [603 NYS2d 838] —Judgment of the Supreme Court, Bronx County (Joseph Fisch, J.), rendered May 1, 1991, convicting the defendant of two counts of criminal possession of a weapon in the third degree and one count of criminal possession of a hypodermic instrument, and sentencing him as a predicate felon to two terms of 3½ to 7 years and a term of 1 year, all to run concurrently, unanimously

reversed on the law, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Even when viewed as it must be on appeal, in the light most favorable to the prosecution (see, People v Montanez, 41 NY2d 53, 57), the evidence was insufficient to prove the defendant's guilt beyond a reasonable doubt.

The defendant was apprehended by the police just moments after entering the apartment where the weapons and hypodermic instrument he was charged with possessing were found; the weapons were found secreted under a mattress and the hypodermic needle upon a dresser. As the defendant was not in actual possession of the contraband the prosecution proceeded on a constructive possession theory. However, the defendant's dominion and control over the premises and, accordingly, over the contraband found there, although essential to the People's proof (see, Penal Law § 10.00 [8]; People v Watson, 56 NY2d 632, 634), was never established. Although the defendant possessed the key to the apartment, he was not the tenant of record and, indeed, there was no proof that he had spent more than one night there. Moreover, at the time of the defendant's arrest he had only just returned to the apartment, having been absent from the premises for the preceding three hours. Plainly, the defendant's single, relatively brief and discontinuous use of the apartment was not a sufficient predicate for the inference that he possessed what was found there. The People's proof in no way excluded the possibility that the contraband had been placed in the apartment without the defendant's knowledge either before his overnight stay or during his undisputed three hour absence from the premises immediately prior to his arrest. The People's failure in this wholly circumstantial case, to eliminate these reasonable and, indeed, obvious hypotheses consistent with the defendant's innocence compels the conclusion that the defendant's guilt was not proved beyond a reasonable doubt (see, People v Giuliano, 65 NY2d 766, 767-768; People v Way, 59 NY2d 361, 365; People v Kennedy, 47 NY2d 196, 202).

Were we not dismissing the indictment on the ground of evidentiary insufficiency, we would nevertheless reverse and order a new trial based upon the trial court's failure to deliver

a circumstantial evidence charge. As the evidence pertaining to the counts upon which the defendant was convicted was wholly circumstantial, such a charge was essential *(People v Sanchez,* 61 NY2d 1022; *People v Gonzalez,* 54 NY2d 729; *People v Davis,* 153 AD2d 949, 951, *lv denied* 75 NY2d 769). Indeed, had the jury been instructed, as it should have been, that to support a conviction, the evidence, in light of its circumstantiality, had to exclude beyond a reasonable doubt every reasonable hypothesis of innocence *(see, People v Ford,* 66 NY2d 428, 441; *People v Sanchez, supra,* at 1024; *People v Gonzalez, supra; People v Morris,* 36 NY2d 877), the need for this appeal might well have been avoided. Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.