■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRETT L. BROCKINGTON, Appellant. [604 NYS2d 361] —Mercure, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered July 25, 1991 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

At approximately 8:15 P.M. on December 12, 1990, Nancie Eaddy answered the front door of the residence at 86 North Swan Street in the City of Albany and admitted Timothy Temple, who was followed by defendant. While Temple went to use the bathroom, Eaddy and defendant argued about the fact that defendant was not welcome in the house because of problems which had developed between defendant and his former girlfriend, Bessie Keene, who lived on the third floor of the dwelling. Defendant then pushed his way around Eaddy and proceeded up the stairs. He encountered Keene on the second floor landing and stabbed her in the back and arm with a hunting knife. With the knife still in his hand, defendant then walked back down the stairs and out the door. Defendant was arrested the following day in Oneida County and was subsequently indicted for attempted murder in the second degree, assault in the first degree and two counts of assault in the second degree. After a jury trial, defendant was convicted of assault in the second degree and sentenced as a second felony offender to an indeterminate prison term of 3½ to 7 years. He now appeals.

The primary contention advanced on appeal, that the jury's verdict was against the weight of the evidence (CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490, 495), is patently meritless. Although defendant presented evidence that he was in Oneida County at the time of the crime, this alibi defense was directly refuted by the testimony of Keene and Eaddy, who knew defendant well and identified him as the assailant, and Tem-

---

ple, who placed defendant in the 86 North Swan Street residence at the time of the crime. Under the circumstances, we conclude that a finding different than that reached by the jury would have been unreasonable *(see, People v Bleakley, supra,* at 495).

The contentions that the prosecutor made impermissible comments during his summation and that Supreme Court erred in failing to give a limiting instruction concerning evidence of defendant's prior criminal conviction were not preserved for appellate review by appropriate objection at trial *(see,* CPL 470.05 [2]; *People v Jordan,* 193 AD2d 890, 893; *People v Longo,* 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906). Moreover, in view of the overwhelming evidence of defendant's guilt, any such error was harmless. Finally, because the evidence against defendant was not entirely circumstantial, defendant was not entitled to a charge that the People had the burden of excluding beyond a reasonable doubt every reasonable hypothesis of innocence *(cf., People v Sanchez,* 61 NY2d 1022), and the sentence was by no means harsh and excessive.

Weiss, P. J., Cardona, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed.