People v Garcia (2023 NY Slip Op 02392)

People v Garcia

2023 NY Slip Op 02392

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Ind No. 3507/15 Appeal No. 184 Case No. 2018-04078 

[*1]The People of the State of New York, Respondent,
v
Junior Garcia, Defendant-Appellant.

Mark W. Zeno, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent E. Yarnell of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered December 12, 2017, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him to a term of three to nine years, unanimously reversed, on the law, and the matter remanded for a new trial.
The court should have granted defendant's request for a circumstantial evidence charge. There was no direct evidence establishing defendant's participation in the conspiracy (see People v Carter, 97 AD3d 492, 495-496 [1st Dept 2012]), and the People do not argue otherwise. The court's standard instructions on reasonable doubt and inferences to be drawn from evidence did not suffice, because they did not make the jury aware of its duty to apply the circumstantial evidence standard to the People's entire case and exclude beyond a reasonable doubt every reasonable hypothesis of innocence (see People v Sanchez, 61 NY2d 1022 [1984]). The error was not harmless, because the circumstantial evidence of defendant's involvement in the conspiracy was not overwhelming.
However, because the verdict was based on legally sufficient evidence and was not against the weight of the evidence, there is no basis for dismissal of the indictment. Because we are ordering a new trial, we find it unnecessary to reach defendant's remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023