■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKHAIL TSOTSELASHVILI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered March 20, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The evidence adduced at trial establishes that on April 18, 1985, the defendant and a companion named Sam, entered the back seat of a taxicab in Queens. Sam informed the driver that he wished to go to Long Island but needed to make several stops along the way. Sam conversed with the driver periodically during the trip. The defendant, however, said nothing to the driver, but he did converse with Sam in a foreign language. He also perused the driver's books and meter tab, which were on the front seat. Upon reaching one of the designated stops, Sam grabbed the driver around the neck, and demanded and took the driver's money, a sum of about $40. Sam then fled into a nearby building. As the driver shouted for the police, the defendant exited the cab and fled in a direction opposite of that taken by Sam. The driver chased and, with the assistance of passersby, ultimately apprehended the defendant, who then stated "Please don't call the police. I will give you your money back". In a statement thereafter made to the police, the defendant acknowledged he was in the cab, and stated, in effect, that Sam swindled the driver out of $40, but denied there was a robbery. He also stated that the complainant attempted to choke him to get the $40 back. It is apparent that English is not the defendant's native language.

At the trial, the defendant made no request for a charge on circumstantial evidence, and none was given. The jury, determining that the defendant shared Sam's intent (see, Penal Law § 20.00), convicted him of robbery in the second degree. On appeal, the defendant argues that the evidence was legally insufficient to establish his guilt and that the trial court erred in failing to instruct the jury as to the reasoning required when the People's proof is circumstantial.

Viewing the evidence in a manner most favorable to the People and indulging in all reasonable inferences in their favor, we conclude that the evidence is legally sufficient to sustain the verdict (see, People v Ford, 66 NY2d 428, 437; cf., People v Bernardo, 83 AD2d 1). We therefore decline to dismiss the indictment. However, in the interest of justice, a new trial is required.

We disagree with the People's contention that there was direct evidence of guilt which rendered unnecessary a charge on circumstantial evidence (cf., People v Sanchez, 61 NY2d 1022; People v Bernardo, supra). Neither the defendant's flight nor the statements he made constitute direct evidence that

the defendant shared Sam's intent *(cf., People v Yazum,* 13 NY2d 302, 304, *rearg denied* 15 NY2d 679; *People v Sanchez, supra; see also, People v Moses,* 63 NY2d 299). Although the proof of guilt was legally sufficient to sustain the verdict, it was not overwhelming. We conclude, therefore, that the failure of the trial court to instruct the jury on circumstantial evidence was prejudicial error requiring reversal and a new trial, notwithstanding the defendant's failure to request such a charge or to object to the charge as given *(see, People v Perrotta,* 121 AD2d 659; *People v Bernardo, supra)*. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.