■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LIVINGSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 24, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and determined to have been established.

The circumstantial evidence charge given by the trial court failed to include language which clearly conveyed the concept that the evidence must exclude beyond a reasonable doubt every reasonable hypothesis of innocence *(see, People v Ford,* 66 NY2d 428; *People v Sanchez,* 61 NY2d 1022). Although we find that the proof of the defendant's guilt was legally sufficient to sustain the verdict, it was not overwhelming. Consequently, the court's failure to properly instruct the jury on the reasoning process to be followed cannot be considered harmless error, and reversal and a new trial are required *(see, People v Ford, supra; People v Tsotselashvili,* 135 AD2d 759; *People v Perrotta,* 121 AD2d 659).

The court submitted a verdict sheet to the jury which described some of the elements of the crimes charged. Although the defendant failed to object to its submission, since there must be a retrial and proof of the defendant's guilt was not overwhelming, we reach this issue in the interest of justice and find that the verdict sheet was improper *(see, People v Nimmons,* 72 NY2d 830; *People v McKenzie,* 148 AD2d 472; *People v Testaverde,* 143 AD2d 208). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.