■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY MARSALIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered October 9, 1990, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and determined to have been established.

The People's case against the defendant was based entirely upon circumstantial evidence. While the trial court's charge to the jury on circumstantial evidence was not a misstatement of the law, it failed to include language which clearly conveyed the concept that the evidence must exclude beyond a reasonable doubt every reasonable hypothesis but that of guilt *(see, People v Ford,* 66 NY2d 428, 441-442; *People v Sanchez,* 61 NY2d 1022, 1024; *People v Perrotta,* 121 AD2d 659; 1 CJI[NY] 9.05, at 471-475). Although we find that the proof of the defendant's conviction was legally sufficient to sustain the verdict, it was not overwhelming. Consequently, the trial court's failure to properly instruct the jury on the reasoning process to be followed in assessing the evidence cannot be

considered harmless error, and reversal and a new trial are required, notwithstanding the defendant's failure to object to the charge *(see, People v Perrotta, supra; see also, People v Livingston,* 157 AD2d 859; *People v Tsotselashvili,* 135 AD2d 759; *People v Bernardo,* 83 AD2d 1; *People v Vasquez,* 47 AD2d 934).* Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.