■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [616 NYS2d 371] —Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered October 5, 1992, convicting the defendant, after a jury trial, of robbery in the first degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously reversed, on the law, the judgment is vacated and a new trial is ordered.

Certain errors in the instructions provided to the jury require a new trial. During voir dire, the court, in describing the concept of acting in concert, first gave the jury a confusing hypothetical about actors in a play and then one involving facts almost identical to the instant case. It is well settled that a trial court's use of a hypothetical with facts "strikingly similar" to those in the case at hand is error (People v Hommel, 41 NY2d 427, 430). While any prejudice may be dissipated by subsequent curative instructions and an alternative hypothetical (see, People v Johnson, 171 AD2d 532, lv denied 77 NY2d 996), here, the error was exacerbated by the court's closing charge in which it provided the jury with a lengthy, detailed and confusing instruction on the role of a lookout. Although the court correctly charged that mere presence at the scene was insufficient to convict, it then minimized the participation necessary in order to find accessorial liability. From the charge provided, reasonable jurors would have had difficulty determining the degree of participation necessary for criminal liability.

The confusing nature of the circumstantial evidence charge, while not objected to, failed to instruct the jury sufficiently on the proper standard of proof. Although the court correctly stated that "the inference of guilt is the only one that can fairly and reasonably be drawn from the facts" it, at another point charged that "the facts proved must exclude all moral certainty of a reasonable hypothesis of innocence".

In sum, the trial court's instructions were inadequate, unclear and misleading. Reversal is warranted *(People v Livingston,* 157 AD2d 859; *People v Fludd,* 68 AD2d 409). Concur—Murphy, P. J., Rosenberger, Ross and Williams, JJ.