THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNIE BURNETT, Appellant. [838 NYS2d 290]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered March 16, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the fourth degree

(§ 145.00 [1]). Contrary to the contention of defendant, County Court did not err in refusing to suppress statements that he made to the police. The suppression hearing testimony established that defendant's initial statements were made spontaneously and were not in response to any police questioning or its functional equivalent, and defendant's later statements were made after defendant was advised of his *Miranda* rights and had waived them (*see People v Parker*, 299 AD2d 859, 860 [2002]; *see generally Rhode Island v Innis*, 446 US 291, 300-302 [1980]). Although we reject defendant's further contentions that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), we agree with defendant that reversal is required based on the court's jury charge. The evidence against defendant was entirely circumstantial and, "[w]hile the trial court's charge to the jury on circumstantial evidence was not a misstatement of law, . . . it failed to convey to the jury in substance that 'it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence' " (*People v Isidore*, 158 AD2d 933, 933-934 [1990], quoting *People v Sanchez*, 61 NY2d 1022, 1024 [1984]). Although, as noted, the evidence is legally sufficient to support the conviction, here as in *Isidore* "the proof of guilt . . . [is] not overwhelming. Accordingly, the inadequacy of the charge was prejudicial error requiring reversal and a new trial . . . , notwithstanding defendant's failure to request such a charge or to except to the charge as given" (*id.* at 934; *see People v Marsalis*, 189 AD2d 897 [1993]; *People v Perrotta*, 121 AD2d 659 [1986]). We therefore reverse the judgment and grant a new trial.

In view of the fact that we are granting a new trial, we note that defendant may seek, should he be so advised, to reopen the suppression hearing pursuant to CPL 710.40 (4) in order to address the inconsistency between the suppression hearing testimony and the trial testimony of the arresting officer (*see generally People v Velez*, 39 AD3d 38 [2007]; *People v Figliolo*, 207 AD2d 679, 681 [1994]; *People v Perez*, 104 AD2d 454, 456 [1984], *lv dismissed* 68 NY2d 816 [1986]).

Defendant's remaining contentions either are without merit or are rendered moot by our determination. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.