# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1420**

**KA 07-02075**

PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BENNIE BURNETT, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 18, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the fourth degree (§ 145.00 [1]). Defendant was convicted upon a retrial after we reversed the first judgment of conviction based on an error in the jury charge (*People v Burnett*, 41 AD3d 1201). We held in the prior appeal that County Court did not err in refusing to suppress statements that defendant made to the police but we noted that, "[i]n view of the fact that we [were] granting a new trial," defendant could seek to reopen the suppression hearing to address inconsistencies in the testimony of the arresting officer at the suppression hearing and at trial (*id.* at 1202). Prior to the new trial, defendant again sought to suppress his statements and further sought to suppress a pair of scissors that the police obtained from his person upon his arrest. Rather than recalling any witnesses, however, defendant submitted copies of the transcripts of the trial testimony of the arresting officer and the suppression hearing testimony of another officer.

The court granted the relief sought by defendant in part by suppressing the statements, but defendant contends on appeal that the court erred in also refusing to suppress the scissors. We reject that contention. A police officer found the scissors when he conducted a pat-down search of defendant at the time of his arrest, and we agree with the court that the officer had the requisite probable cause for

the arrest (*see People v De Bour*, 40 NY2d 210, 223).  At the time of defendant's arrest, the officer knew that a residence had been burglarized inasmuch as the burglar alarm was activated and he saw a broken window and an open door at the back of the residence.  He heard the suspect running through the bushes in the backyard, heading southwest, and within two minutes he found defendant walking down a driveway at a location that was one block away and southwest of the location of the burglarized residence.  Defendant had grass stains on his clothing, his shoes were wet from the dew on the grass, and he was sweating.  The officer questioned defendant, who gave statements that were not credible concerning where he had been and where he was going. Based on all of that information, the officer had probable cause to arrest defendant, and the scissors were properly seized during the lawful pat down pursuant to the arrest (*see People v Troche*, 185 AD2d 368, 369, *lv denied* 80 NY2d 977; *People v Kelland*, 171 AD2d 885, 886, *lv denied* 77 NY2d 997; *cf. People v Ayers*, 85 AD3d 1583).

Defendant next contends that he was denied effective assistance of counsel based on defense counsel's failure to recall the witnesses from the first suppression hearing to testify, and based on defense counsel's having allowed defendant to appear in jail garb for trial. With respect to the suppression hearing testimony, we fail to comprehend the basis for defendant's contention inasmuch as the court in fact suppressed the statements.  In any event, defendant failed to "demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to recall the witnesses (*People v Rivera*, 71 NY2d 705, 709).  Indeed, if recalled to the stand, the arresting officer may have explained the seeming inconsistencies between his testimony at the first suppression hearing and the trial regarding the circumstances when defendant made his statements, thus negating the basis for defendant's request for suppression of those statements.  With respect to defendant's attire at the first day of the trial, defense counsel noted on the record that he had contacted defendant about wearing appropriate clothing to court and had told defendant to contact him if he needed anything, and defendant did not respond.  Defense counsel also spoke with defendant's mother about the need for defendant to wear appropriate clothing at trial, and she assured him that either she or defendant's brother would take care of the matter of the clothing.  Thus, the record establishes that defense counsel took appropriate steps to ensure that defendant was dressed appropriately for trial.  Although defendant contends that defense counsel was ineffective for failing to move for an adjournment upon observing that defendant was not appropriately dressed, it is well settled that a defendant is not denied effective assistance of counsel for failing to make a motion "that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

We reject defendant's further contention that the court erred in summarily denying his request for a new attorney.  A court should grant a defendant's request for new counsel when a defendant demonstrates good cause for the substitution (*see People v Linares*, 2 NY3d 507, 510).  A court "must carefully evaluate seemingly serious requests in order to ascertain whether there is indeed good cause for

substitution" (*People v Sides*, 75 NY2d 822, 824), and may not summarily dismiss a request for new counsel but must make "some minimal inquiry" (*id.* at 825).  Here, when defendant requested a new attorney, the court made the requisite minimal inquiry by asking defendant for the reason for his request, but defendant was unable to give one.  Contrary to defendant's contention, he never renewed his request for new counsel.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Finally, the sentence is not unduly harsh or severe.