People v Soto (2022 NY Slip Op 06589)

People v Soto

2022 NY Slip Op 06589

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

778 KA 17-00567

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMY B. SOTO, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (CATHERINE A. MENIKOTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 3, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of criminal possession of a weapon in the second degree under counts one and two of the superseding indictment and as modified the judgment is affirmed and a new trial is granted on those counts.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) arising from defendant's alleged possession of two separate firearms. Contrary to defendant's contentions, we conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and that the verdict, viewed in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). We agree with defendant, however, that Supreme Court erred in failing to give a circumstantial evidence instruction. The evidence against defendant with respect to his possession of the .22 caliber revolver was entirely circumstantial, and the court's jury instructions "failed to convey to the jury in substance that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" (People v Burnett, 41 AD3d 1201, 1202 [4th Dept 2007] [internal quotation marks omitted]; see People v Sanchez, 61 NY2d 1022, 1024 [1984]). Inasmuch as the proof of defendant's guilt is not overwhelming, the inadequacy of the charge was prejudicial error requiring reversal of those parts of the judgment convicting defendant under counts one and two of the superseding indictment and a new trial with respect thereto, notwithstanding defendant's failure to request such a charge or to except to the charge as given (see Burnett, 41 AD3d at 1202; People v Marsalis, 189 AD2d 897, 897-898 [2d Dept 1993]; People v Isidore, 158 AD2d 933, 933-934 [4th Dept 1990]). We therefore modify the judgment accordingly.
We have reviewed defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court