People v Marcano (2023 NY Slip Op 00582)

People v Marcano

2023 NY Slip Op 00582

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

938 KA 20-00058

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISAIAS N. MARCANO, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered November 21, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), arising from his possession of cocaine discovered by police officers when they were attempting to detain him for questioning about crimes he allegedly committed the previous day, but for which he was later acquitted at trial. We affirm.
Contrary to defendant's contention, we conclude that "[t]he amendment to correct the date of the crime[ of criminal possession of a controlled substance in the third degree] charged [under count four of the indictment] did not change the theory of the prosecution 'or otherwise tend to prejudice the defendant on the merits,' and thus the amendment was properly permitted" (People v Terry, 300 AD2d 1130, 1131 [4th Dept 2002], lv denied 99 NY2d 633 [2003]; see CPL 200.70 [1]). We also reject defendant's related contention that the amendment effectively rendered the criminal possession of a controlled substance charge improperly joined with the other charges for offenses that were allegedly committed the previous day. We conclude that the offenses were joinable pursuant to CPL 200.20 (2) (b) because, "under the applicable Molineux analysis . . . , the '[t]estimony concerning defendant's prior drug sale[ related to the offenses allegedly committed the previous day] was admissible with respect to the issue of defendant's intent to sell' the cocaine discovered as a result of the [encounter with police the following day]" (People v Morman, 145 AD3d 1435, 1437 [4th Dept 2016], lv denied 29 NY3d 999 [2017]; see People v Alvino, 71 NY2d 233, 245 [1987]). In any event, contrary to defendant's further contention, any effective misjoinder is harmless error inasmuch as the evidence of criminal possession of a controlled substance in the third degree is overwhelming and there is no significant probability that defendant would have been acquitted of that charge if the evidence regarding the offenses allegedly committed the previous day had not been before the jury (see People v Clark, 139 AD3d 1368, 1368 [4th Dept 2016], lv denied 28 NY3d 928 [2016]; cf. People v Gadsden, 139 AD2d 925, 926 [4th Dept 1988]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Inasmuch as he did not object on Molineux grounds, defendant failed to preserve for our review his further contention that County Court, by allowing the amendment to the indictment, erred in effectively permitting the People to present evidence concerning a prior uncharged crime (see People v Kenney, 209 AD3d 1301, 1303-1304 [4th Dept 2022], lv denied — NY3d — [2022]). Defendant's posttrial CPL 330.30 motion did not preserve his contention for our review [*2](see People v Owens, 149 AD3d 1561, 1562 [4th Dept 2017], lv denied 30 NY3d 982 [2017]; see generally People v Padro, 75 NY2d 820, 821 [1990], rearg denied 75 NY2d 1005 [1990], rearg dismissed 81 NY2d 989 [1993]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant's related evidentiary challenges are, as defendant correctly concedes, not preserved for our review (see CPL 470.05 [2]), and we likewise decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's further contention that the court abused its discretion in allowing police testimony at trial with respect to the element of intent to sell. The court properly allowed the officer's testimony inasmuch as "it was limited to matters related to drug transactions that were not within the common knowledge or experience of the average juror, and thus the testimony did not invade the jury's fact-finding function" (People v Patterson, 173 AD3d 1737, 1740 [4th Dept 2019], affd 34 NY3d 1112 [2019]; see People v Hicks, 2 NY3d 750, 751 [2004]).
Defendant's contention that his conviction of criminal possession of a controlled substance in the third degree is based upon legally insufficient evidence is not preserved for our review because defendant did not move for a trial order of dismissal with respect to that count of the indictment (see People v Gray, 86 NY2d 10, 19 [1995]; People v Lukens, 107 AD3d 1406, 1408 [4th Dept 2013], lv denied 22 NY3d 957 [2013]; see generally People v Person, 153 AD3d 1561, 1562 [4th Dept 2017], lv denied 30 NY3d 1118 [2018]). Moreover, although defendant raised that contention in his posttrial motion to set aside the verdict pursuant to CPL 330.30 (1), " 'a motion pursuant to CPL 330.30 does not preserve for our review a contention that is not otherwise preserved' " (People v Lankford, 162 AD3d 1583, 1584 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]; see People v Schultz, 266 AD2d 919, 919 [4th Dept 1999], lv denied 94 NY2d 906 [2000]; see generally Padro, 75 NY2d at 821). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant next contends that he was denied a fair trial due to various instances of alleged prosecutorial misconduct. Defendant failed to object to many of those alleged instances, and thus he failed to preserve his contention for our review with respect to those instances (see CPL 470.05 [2]). In any event, with respect to the alleged instances of misconduct, both preserved and unpreserved, we conclude that " '[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (People v Torres, 125 AD3d 1481, 1484 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]).
Defendant contends that the court, in imposing the maximum sentence of postrelease supervision, improperly considered the alleged conduct relating to the counts of the indictment for which he was acquitted. Even assuming, arguendo, that defendant preserved that contention for our review (see CPL 470.05 [2]; cf. People v Beebe, 137 AD3d 1663, 1664 [4th Dept 2016], lv denied 28 NY3d 926 [2016]), we conclude that it lacks merit inasmuch as the record establishes that the court " 'did not base its sentence on a crime of which defendant had been acquitted . . . , but rather sentenced him based on all the relevant facts and circumstances surrounding the crime of which he was convicted' . . . , as it was required to do" (People v Lipford, 129 AD3d 1528, 1531 [4th Dept 2015], lv denied 26 NY3d 1041 [2015]). Finally, we reject defendant's contention that the period of postrelease supervision imposed is unduly harsh and severe.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court