People v Meyers (2024 NY Slip Op 06388)

People v Meyers

2024 NY Slip Op 06388

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

113455
[*1]The People of the State of New York, Respondent,
v
Vincent Meyers, Appellant.

Calendar Date:November 18, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Angela Kelley, East Greenbush, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Philip A. Alvaro of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Ottavio Campanella, J.), rendered January 14, 2022, upon a verdict convicting defendant of the crime of assault in the second degree.
In 2019, defendant, an incarcerated individual, was charged by indictment with assault in the second degree for injuring a correction officer (hereinafter the victim) during a pat frisk. Following a jury trial, defendant was found guilty as charged. He was later sentenced, as a second violent felony offender, to a prison term of six years, to be followed by five years of postrelease supervision, with the sentence to run consecutively to any sentence defendant was then serving. Defendant appeals.
Defendant argues that the proof is legally insufficient to establish that he acted with the requisite intent and that the verdict is against the weight of the evidence. As charged here, "[a] person is guilty of assault in the second degree when . . . [w]ith intent to prevent a peace officer . . . from performing a lawful duty, . . . he or she causes physical injury to such peace officer" (Penal Law § 120.05 [3]; see generally People v Bueno, 18 NY3d 160, 167-168 [2011]).
At trial, the People presented evidence that defendant was involved in a physical altercation with other incarcerated individuals immediately prior to the incident in question. According to the victim and several other correction officer witnesses, the victim attempted to perform a pat frisk of defendant against a wall following that altercation, which was standard protocol for the circumstances. Those same witnesses testified that, during the pat frisk, defendant continued to be agitated and noncompliant, ultimately coming off the wall and turning toward the victim despite repeated verbal commands and physical direction to the contrary. As a result of his physical noncompliance, defendant knocked over the victim and landed on top of her, causing her physical injury.
Defendant's intent to disrupt the victim from performing the pat frisk may be inferred from his conduct and the circumstances more generally (see People v Bueno, 18 NY3d at 169), and, viewing the facts in the light most favorable to the People (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the proof at trial was legally sufficient in that respect (see Penal Law § 120.05 [3]). In view of defendant's testimony, including that he merely lost his balance, another verdict would not have been unreasonable (see People v Bleakley, 69 NY2d 490, 495 [1987]). However, the jury was free to discredit defendant's testimony (see People v Romero, 7 NY3d 633, 644 [2006]), and, notably, he admitted to being noncompliant before and during the pat frisk in several other respects. Viewing the evidence in a neutral light, weighing the relative probative force of the conflicting evidence and according deference to the jury's credibility determinations (see People v Danielson, 9 NY3d at 348), we also find that defendant's conviction [*2]is supported by the weight of the evidence (see People v Infinger, 194 AD3d 1183, 1186-1187 [3d Dept 2021], lv denied 37 NY3d 965 [2021]; People v Dancy, 87 AD3d 759, 760-761 [3d Dept 2011]; People v Roberts, 91 AD2d 1099, 1100 [3d Dept 1983]).
Defendant's contention regarding an alleged change in the People's theory of the prosecution is not preserved for our review (see CPL 470.05 [2]; People v Rivera, 133 AD3d 1255, 1256 [3d Dept 2015], lv denied 27 NY3d 1154 [2016]).[FN1] Nor is his challenge to the definition of lawful duty that was provided to the jury, given his affirmative agreement to that definition at trial (see People v Banks, 227 AD3d 1225, 1227 [3d Dept 2024], lv denied 42 NY3d 937 [2024]; People v Jones, 215 AD3d 1123, 1133 [3d Dept 2023], lv denied 40 NY3d 935 [2023]). Neither of these claims warrant corrective action in the interest of justice.
Defendant's claim of prosecutorial misconduct throughout trial is also largely unpreserved for our review (see People v Graham, 215 AD3d 998, 1007-1008 [3d Dept 2023], lv denied 40 NY3d 928 [2023]; People v Johnson, 183 AD3d 77, 89 [3d Dept 2020], lv denied 35 NY3d 993 [2020]). Defendant did move for a mistrial based upon misconduct, but that motion was limited to statements made by the prosecutor during summation concerning defendant's allegedly violent nature and his presence in prison, only one of which was met with a contemporaneous objection, and sustained.[FN2] Although the preserved remark, and those like it, were comment upon evidence presented at trial, including defendant's admission to instigating the subject fight and his testimony about other similar fighting while incarcerated, we cannot condone the prosecutor's obvious suggestion of defendant's propensity for violence (see People v Nellis, 217 AD3d 1056, 1061-1062 [3d Dept 2023]). That said, we do not find such remarks to have been so flagrant or pervasive so as to have deprived defendant of his right to a fair trial, particularly in view of County Court's repeated instructions that summations are not evidence (see People v Leigh, 208 AD3d 1463, 1464-1465 [3d Dept 2022]; People v Pitt, 170 AD3d 1282, 1285 [3d Dept 2019], lv denied 33 NY3d 1072 [2019]). We also note that most of the presently challenged remarks that went without objection were either fair comment on the evidence, reasonable inferences that could be drawn therefrom or directly responsive to defendant's repeated attacks on the alleged lack of credibility of the People's witnesses (see People v Graham, 215 AD3d at 1007; People v Shamsuddin, 167 AD3d 1334, 1336 [3d Dept 2018], lv denied 33 NY3d 953 [2019]; People v Williams, 163 AD3d 1160, 1165 [3d Dept 2018], lv denied 32 NY3d 1179 [2019]). Altogether, we discern no basis for reversal on this ground.
Turning lastly to the sentence, we are unpersuaded that defendant was punished for asserting his right to trial. The fact that a sentence imposed after trial is greater than that offered during plea negotiations — here, [*3]by six months — is not, standing alone, proof adequate to demonstrate that the defendant was punished for exercising his or her right to a trial (see People v Decker, 218 AD3d 1026, 1045 [3d Dept 2023], lv denied 40 NY3d 1012 [2023]; People v Burdo, 210 AD3d 1306, 1311 [3d Dept 2022], lv denied 39 NY3d 1077 [2023]). We also decline to exercise our discretion to modify the sentence in the interest justice. Defendant's sentencing exposure as a second violent felony offender for this class D felony was five to seven years in prison (see Penal Law §§ 70.04 [3] [c]; 120.05), and he was sentenced in the middle of that range, to six years. In light of his failure to take responsibility for the consequences of his actions and the profound physical impact of those actions on the victim, and her resultant economic hardships, we do not find that the lawful sentence before us is unduly harsh or severe (see CPL 470.15 [6] [b]).
Egan Jr., Clark, Pritzker and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's related contention regarding the sufficiency of the evidence before the grand jury has been foreclosed by our conclusion regarding the evidence supporting his conviction (see CPL 210.30 [6]; People v Decker, 218 AD3d 1026, 1036 n 5 [3d Dept 2023], lv denied 40 NY3d 1012 [2023]).

Footnote 2: Defendant's subsequent motion to set aside the verdict did not preserve for our review contentions that were not otherwise preserved (see CPL 330.30 [1]; People v Harris, 98 NY2d 452, 492 [2002]; People v Marcano, 213 AD3d 1258, 1260 [4th Dept 2023], lv denied 40 NY3d 951 [2023]). To the extent that defendant challenges the denial of that motion, those same unpreserved challenges were not a proper basis for same (see People v McGuire, 218 AD3d 1357, 1359 [4th Dept 2023], lv denied 42 NY3d 971 [2024]).