People v Spinks (2025 NY Slip Op 04303)

People v Spinks

2025 NY Slip Op 04303

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

241 KA 23-00065

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN SPINKS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), rendered December 22, 2022. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), arising from allegations that he shot and killed a coworker, Lysaun Curry, on October 2, 2020 (Curry indictment). In appeal No. 2, defendant appeals from a judgment convicting him, upon a jury verdict, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), two counts of burglary in the first degree (§ 140.30 [1], [2]), and three counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), arising from allegations that he engaged in a shootout with an acquaintance, Day'Janique Cooper, on October 10, 2020 (Cooper indictment).
Contrary to defendant's initial contention in both appeals, Supreme Court did not abuse its discretion in consolidating the indictments. "[T]he decision to consolidate separate indictments under CPL 200.20 (subd 4) is committed to the sound discretion of the Trial Judge in light of the circumstances of the individual case, and the decision is reviewable on appeal . . . only to the extent that there has been an abuse of that discretion as a matter of law" (People v Lane, 56 NY2d 1, 8 [1982]; see CPL 200.20 [5]; People v Brown, 254 AD2d 781, 782 [4th Dept 1998], lv denied 92 NY2d 1029 [1998]).
Here, we conclude that the court properly exercised its discretion in granting consolidation pursuant to CPL 200.20 (2) (b) because there is significant common evidence supporting both indictments. Most importantly, the same weapon was involved in the events underlying both indictments, and—indeed—is the critical piece of evidence supporting both (see People v Burton, 134 AD2d 269, 270 [2d Dept 1987], lv denied 70 NY2d 1004 [1988]). Jointly trying the two cases more securely connects defendant to the gun used in the underlying criminal incidents charged in the indictments inasmuch as, with respect to the Curry indictment, evidence in the Cooper case would show that defendant intentionally possessed and used a common weapon in close temporal proximity to the fatal shooting. Had the cases been tried separately, however, with respect to the Curry indictment, defendant's only connection to the gun would have been that it had been found in his mother's home. Additional evidence gathered in support of the Cooper indictment buttresses that point. For instance, the gun is visible in a doorbell camera video showing defendant carrying it into his mother's home—the same home that was ultimately searched by the police in connection with the Cooper indictment. Additionally, the search warrant executed on the mother's home in connection with the Cooper indictment [*2]permitted the police to collect shoes and clothing that the People argued matched the shoes and clothing worn by the individual in the surveillance footage depicting the shooting of Curry. In short, inasmuch as there is significant overlapping evidence admissible to support both indictments, the court did not err in concluding that the indictments were joinable under CPL 200.20 (2) (b) (see People v Byrd, 214 AD3d 1321, 1322 [4th Dept 2023], lv denied 40 NY3d 927 [2023]; People v Davey, 134 AD3d 1448, 1451 [4th Dept 2015]).
We further conclude that the court properly exercised its discretion in granting consolidation of the indictments on the additional basis that they charged offenses that are "defined by the same or similar statutory provisions" (CPL 200.20 [2] [c]). In addition to the crimes mentioned above, both indictments also charge defendant with criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Thus, "[t]here [can be] no dispute that joinder of the offenses under [CPL 200.20 (2) (c)] was proper in the first instance" (People v Mero, — NY3d &mdash, &mdash, 2024 NY Slip Op 06385, *2 [2024]). We reject defendant's contention that there is "[s]ubstantially more proof" (CPL 200.20 [3] [a] [emphasis added]) against defendant with respect to the Cooper indictment than there is with respect to the Curry indictment inasmuch as the quantum of proof offered in connection with the latter vastly exceeds the proof offered in connection with the former and is independently persuasive as to defendant's actions. In other words, the People's case concerning the Curry indictment is thorough—i.e., they do not merely rely on the strength of the evidence from the Cooper indictment as an indirect way to demonstrate defendant's criminal propensity (see People v McCune, 210 AD2d 978, 978-979 [4th Dept 1994], lv denied 85 NY2d 864 [1995]).
In opposing joinder, defendant failed to meet the statutory standard of showing that he had "a genuine need to refrain from testifying . . . [to] satisf[y] the court that the risk of prejudice is substantial" (CPL 200.20 [3] [b]). Defendant's allegation that testifying in connection with the Curry indictment would force him to admit that he had disagreed with Curry and that they had joked around by shooting each other with Airsoft guns, does not "make a convincing showing that he had . . . a genuine need to refrain from" admitting those facts (People v Cooper, 128 AD3d 1431, 1433 [4th Dept 2015], lv denied 26 NY3d 966 [2015]; see People v Bankston, 63 AD3d 1616, 1617 [4th Dept 2009], lv denied 14 NY3d 885 [2010]). Thus, we conclude that defendant failed to demonstrate "that he had 'both important testimony to give concerning one [offense] and a genuine need to refrain from testifying on the other' " (People v Rogers, 245 AD2d 1041, 1041 [4th Dept 1997], quoting CPL 200.20 [3] [b]; see People v Lane, 56 NY2d 1, 5 [1982]).
We further conclude that defendant's contention that the court erred in failing to provide the jury with the promised limiting instruction to minimize any prejudice stemming from consolidation (see e.g. CJI2d[NY] Multiple Separate Transactions of Same Crime), is unpreserved for our review (see generally CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
To the extent that defendant preserved for our review his contention in appeal No. 1 that the conviction of murder in the second degree is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), that contention lacks merit (see People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crime of murder in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). The testimony of the prosecution witnesses was not " 'so unworthy of belief as to be incredible as a matter of law' " (People v Woods, 26 AD3d 818, 819 [4th Dept 2006], lv denied 7 NY3d 765 [2006]), and we see no reason to disturb the jury's resolution of credibility issues (see generally Bleakley, 69 NY2d at 495).
Defendant's contention in appeal No. 1 that the court erred in failing to instruct the jury on wholly circumstantial evidence is not preserved for our review (see generally CPL 470.05 [2]; People v Robinson, 88 NY2d 1001, 1001-1002 [1996]). We decline to exercise our power to review that issue as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's related contention in appeal No. 1 that defense counsel was ineffective for failing to request a circumstantial evidence charge. Even assuming, arguendo, that defendant was entitled to such a charge, we conclude that the "single error in failing to request such a [*3]charge [would] not constitute ineffective representation as it was not so serious as to compromise defendant's right to a fair trial" (People v Griffin, 203 AD3d 1608, 1611 [4th Dept 2022], lv denied 38 NY3d 1008 [2022] [internal quotation marks omitted]).
Defendant's challenge in appeal No. 1 to the restitution order is not preserved for our review (see generally CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We have reviewed defendant's contentions in both appeals that he was deprived of effective assistance of counsel and conclude that they are without merit. Viewing the evidence, the law, and the circumstances of this case in their totality at the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
In both appeals, the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions in both appeals and conclude that none warrants modification or reversal of the judgments.
We note, however, that the uniform sentence and commitment form erroneously indicates that defendant was sentenced at a term of Monroe County Court, and it must be amended to reflect that he was sentenced at a term of Supreme Court, Monroe County (see generally People v Daniqua S.D., 92 AD3d 1226, 1227 [4th Dept 2012]).
All concur except Whalen, P.J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully disagree with the majority that Supreme Court properly consolidated the two indictments and instead conclude that consolidation was an abuse of discretion as a matter of law (see People v Lane, 56 NY2d 1, 7 [1982]). I would therefore reverse the judgment in each appeal and grant a new trial of each indictment.
As noted by the majority, this conviction arises from two shootings in October 2020. In the first incident, defendant's coworker Lysaun Curry was shot and killed on October 2, 2020. There were no witnesses to the shooting. In the second incident, which took place on October 10, 2020, defendant and an acquaintance, Day'Janique Cooper, were both shot while inside Cooper's home. Cooper alleged that defendant shot her after entering her home without permission and that she fired back in self-defense. Defendant was charged in two separate indictments, one encompassing the crimes surrounding and including Curry's murder (Curry indictment) and the other encompassing the crimes surrounding and including the Cooper assault (Cooper indictment).
The People moved to consolidate the indictments, alleging that a 9 millimeter handgun was recovered during a search of defendant's residence and that ballistics testing showed that the handgun had been used in both shootings. They first contended that consolidation was proper pursuant to CPL 200.20 (2) (b) because proof regarding defendant's possession of the gun during the assault on Cooper and its recovery from defendant's residence would be material and admissible in the trial of the Curry indictment. They further contended that consolidation was proper pursuant to CPL 200.20 (2) (c) because the two indictments charged offenses that are the same or similar in law. Finally, they contended that consolidation was proper because it would promote judicial economy due to "significant overlap of witnesses, evidence, and testimony," specifically the handgun, ballistics expert, and officers involved in the search of defendant's home. Defendant opposed consolidation, contending that he would be significantly prejudiced by joinder because there was substantially more evidence of his guilt on the Cooper indictment and because consolidation would impact his decision to testify.
Supreme Court granted consolidation pursuant to CPL 200.20 (2) (b), determining that there was substantial evidence "common to both indictments" that would be material and admissible at the consolidated trial. It further found that the indictments were properly consolidated pursuant to CPL 200.20 (2) (c), given that both indictments charge offenses under the murder statute and the criminal possession of a weapon statute. The court noted that "[u]ndue prejudice, if any, can be remedied by a strong curative instruction given to the finder of fact."
On a motion to consolidate, "the applicant must demonstrate . . . not only that the offenses charged in the separate indictments are joinable in accordance with the statutory criteria set forth in CPL 200.20 (subd 2) but also that combination for a single trial is an appropriate exercise of discretion" (Lane, 56 NY2d at 7). I agree with defendant that the People failed to make the necessary showing here, and that the court abused its discretion in granting the motion.
Initially, I conclude that the court erred in granting consolidation pursuant to CPL 200.20 (2) (b). Under that provision, "two offenses, even though based on separate and distinct criminal transactions, may be joined in the discretion of the trial court if they are of such a nature that proof of either offense would be material and admissible as evidence-in-chief upon the trial of the other" (People v Bongarzone, 69 NY2d 892, 895 [1987]; see CPL 200.20 [2] [b]). "[E]vidence may be deemed material and admissible within the meaning of CPL 200.20 (2) (b) if such proof would be admissible under any of the recognized Molineux exceptions" (People v Bryant, 200 AD3d 1483, 1487-1488 [3d Dept 2021], appeal dismissed 38 NY3d 1158 [2022] [internal quotation marks omitted]; see People v Marcano, 213 AD3d 1258, 1258-1259 [4th Dept 2023], lv denied 40 NY3d 951 [2023]; People v Morman, 145 AD3d 1435, 1437 [4th Dept 2016], lv denied 29 NY3d 999 [2017]). Here, the People failed to make a showing that evidence of the details of the Cooper assault would be material and admissible at a trial on the Curry murder (see generally People v Cass, 18 NY3d 553, 560 [2012]) and thus failed to show that the statute is applicable. Although the same gun had been used in both crimes, the Curry murder is neither "so unique" nor so similar to the Cooper assault "as to allow admission of evidence of the second crime on the theory of the similarity of the modus operandi" (People v Condon, 26 NY2d 139, 144 [1970]). I agree with the majority to the extent that "evidence tending to establish that defendant was in possession of the" handgun that was used to murder Curry on the night of the Cooper assault — including the doorbell camera video showing defendant carry it into his mother's home — would be "relevant and thus admissible on the issue of the defendant's identity" at trial on the Curry indictment (id.). However, all the identity evidence linking defendant to the Curry murder could be "adduced at the trial without the necessity of revealing the details of the" burglary and assault alleged in the Cooper indictment (id.). The mere fact that defendant "intentionally possessed and used a common weapon" in another, unrelated crime is precisely the type of criminal disposition evidence that the Court of Appeals has previously rejected as inadmissible under Molineux, because "the introduction of this damaging evidence could only have improperly allowed the jury to base their finding of guilt on the impermissible ground of criminal disposition" (id.; see generally People v Weinstein, 42 NY3d 439, 444, 455-458 [2024]; People v Mountzouros, 206 AD3d 1706, 1707 [4th Dept 2022]).
Nor were the indictments properly consolidated pursuant to CPL 200.20 (2) (c). That paragraph permits discretionary consolidation of offenses "defined by the same or similar statutory provisions" (CPL 200.20 [2] [c]; see Lane, 56 NY2d at 7). That is the most permissive provision of the joinder statute, and it must be read together with CPL 200.20 (3) to balance the potential for undue prejudice that necessarily accompanies consolidation. That subdivision states that, when offenses are joined solely because they are defined by the same or similar statutory provisions, the court may decline to join them "in the interest of justice and for good cause shown" (CPL 200.20 [3]). The statute provides two examples of "good cause" why offenses that would otherwise be joinable under CPL 200.20 (2) (c) must be tried separately, and defendant established his entitlement to denial of the consolidation motion under both those paragraphs.
First, the offenses should not be joined "where there is . . . [s]ubstantially more proof on one . . . than on others" and "a substantial likelihood that the jury would be unable to consider" the joined offenses separately (CPL 200.20 [3] [a]). In his opposition to the consolidation motion, defendant discussed the "dramatic[ ] differen[ce]" in the strength of the evidence on the two indictments and how consolidation would therefore "cause [him] an unfair disadvantage." Specifically, in addition to evidence that Cooper knew defendant and identified him by name as her assailant, defendant's DNA was present at the scene of the Cooper shooting, and video evidence showed defendant arriving at his residence soon after that shooting holding an object that could have been a handgun. By contrast, defendant contended that the evidence identifying him as the perpetrator of the murder in the Curry indictment is "much weaker," given that there were no eyewitnesses and all the evidence linking defendant to the crime is circumstantial. Due to the "substantial disparity in the evidence tying . . . defendant to the offenses contained in [two] separate indictments," and to avoid the "strong possibility that the jury [would] convict[ ] . . . defendant of the offenses charged in [the weaker] indictment . . . by reason of the cumulative [*4]effect of the evidence" (People v Martinez, 165 AD3d 1288, 1290 [2d Dept 2018]; see People v Stanley, 81 AD2d 842, 843 [2d Dept 1981]; cf. People v Mero, — NY3d &mdash, &mdash, 2024 NY Slip Op 06385, *2-3 [2024]), the indictments should not have been consolidated.
Second, the offenses should not be joined where there is "[a] convincing showing that a defendant has both important testimony to give concerning one count and a genuine need to refrain from testifying on the other" (CPL 200.20 [3] [b]). In his opposition, defendant contended that he needed to testify at the trial of the Cooper indictment to explain "why he was [in Cooper's home], how he got inside the location, that it was not a burglary, that he knew [Cooper], and why he acted in the manner he did." However, he would not testify at the trial of the Curry indictment because such testimony would require, inter alia, "admitting to a prior disagreement [with Curry] and to previously shooting [Curry] with rubber bullets," which would "offset the otherwise weak evidence in the case." Defendant concluded that consolidation would force him into the unfair position of choosing to "[t]estify and advance his defense on one indictment and be questioned on the other, or not to testify at all." Defendant provided a detailed and reasoned basis for his concerns, and went far beyond the "speculative fears" or "conclusory generalities" that have been rejected previously under this statute (Lane, 56 NY2d at 10 [internal quotation marks omitted]; see People v Peterkin, 12 AD3d 1026, 1027 [4th Dept 2004], lv denied 4 NY3d 766 [2005]; People v Burrows, 280 AD2d 132, 135-136 [4th Dept 2001], lv denied 96 NY2d 826 [2001]). Instead, he "articulate[d] in concrete terms" good cause that the indictments should not be consolidated (Lane, 56 NY2d at 10) and met the "convincing showing" standard set forth in the statute (CPL 200.20 [3] [b]). Even assuming arguendo that defendant did not meet the statutory standard for severance under the statute, that standard is not applicable on motions to consolidate. Indeed, on a motion to consolidate, the sole consideration is the court's "sound discretion . . . in light of the circumstances of the individual case," and the statute simply provides guidance as to the factors to be considered in exercise of that discretion (Lane, 56 NY2d at 8).
I further conclude that the court failed to properly balance judicial economy against the potential for undue prejudice (see generally People v Mahboubian, 74 NY2d 174, 183 [1989]). Although the People generally asserted in the consolidation motion that "multiple witnesses would have to be recalled to give identical testimony in two separate trials," they failed to identify such witnesses other than the ballistics expert and the officers who executed the search warrant at defendant's residence. Indeed, a review of the trial transcript demonstrates that only a limited number of the numerous witnesses at trial testified as to the charges in both indictments, and several of those who did provided only brief chain of custody testimony. In short, "any economy gained through the consolidated trial was insignificant, at best" (People v Davis, 225 AD3d 62, 76 [1st Dept 2024]).
Moreover, the undue prejudice to defendant was not cured by a limiting instruction, as the court failed to follow through on its promise to instruct the jurors that the evidence must be considered separately. That error was further compounded by the People, who repeatedly conflated the charges from the two indictments during summation. By "continually referr[ing] to the [two indictments] together," the prosecutor "improperly combined" incidents that should have been considered separately (People v Caparella, 83 AD3d 730, 731 [2d Dept 2011]). Although defendant failed to preserve any contention with respect to the court's failure to give a limiting instruction, under the facts of this case, I conclude that the error was fundamental and should be addressed in the interest of justice because "it cannot be fairly said that 'the evidence was easily segregable in the minds of the jurors' . . . where the trial court failed to give a limiting instruction to that effect" (Davis, 225 AD3d at 75; see generally People v Pichardo, 34 AD3d 1223, 1225 [4th Dept 2006], lv denied 8 NY3d 926 [2007]; see also People v Greene, 306 AD2d 639, 642-643 [3d Dept 2003], lv denied 100 NY2d 594 [2003]).
"[C]ompromise of a defendant's fundamental right to a fair trial free of undue prejudice as the quid pro quo for the mere expeditious disposition of criminal cases will not be tolerated" (Lane, 56 NY2d at 7-8). Here, I conclude that, because "defendant suffered undue prejudice from cumulative evidence and the risk of propensity inference during a consolidated trial that accomplished little with respect to public or judicial economy, a consolidated trial on the basis of CPL 200.20 (2) (c) was an abuse of discretion and error" (Davis, 225 AD3d at 76). On that basis alone, the judgments should be reversed and new trials granted.
In addition, in appeal No. 1, I conclude that the court erred in failing to give a circumstantial evidence charge. Although I agree with the majority that defendant failed to preserve his contention for our review (see CPL 470.05 [2]), I conclude that it warrants the exercise of our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
There is no requirement that we grant interest of justice review for an unpreserved error in a jury charge (see generally People v Robinson, 88 NY2d 1001, 1001-1002 [1996]). However, in cases where the evidence is circumstantial and the proof of the defendant's guilt is not overwhelming, this Court has often exercised our interest of justice power to reverse or modify on the ground of a defendant's unpreserved contention that a court erred in failing to give a circumstantial evidence charge (see e.g. People v Soto, 210 AD3d 1502, 1503 [4th Dept 2022], lv denied 40 NY3d 931 [2023]; People v Burnett, 41 AD3d 1201, 1202 [4th Dept 2007]; cf. e.g. People v Blackshear, 125 AD3d 1384, 1385-1386 [4th Dept 2015], lv denied 25 NY3d 987 [2015]). Defendant has presented such a case here, given that the evidence in support of the counts in the Curry indictment is wholly circumstantial and is far from overwhelming. I conclude that this contention merits an exercise of our interest of justice power in light of the "unique risk 'that the trier of facts may [have] leap[t] logical gaps in the proof offered and draw[n] unwarranted conclusions based on probabilities of low degree' " (People v Baque, 43 NY3d 26, 29 [2024], quoting People v Benzinger, 36 NY2d 29, 32 [1974]; see also People v Cleague, 22 NY2d 363, 367 [1968]) as a result of the missing charge.
Even if the indictments were properly consolidated, I would nevertheless reverse the conviction in appeal No. 1 and grant a new trial under the Curry indictment (see People v Sanchez, 61 NY2d 1022, 1023 [1984]; People v Swem, 182 AD3d 1050, 1051-1052 [4th Dept 2020]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court